# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:24-cr-00011 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| SOUMYA RUDRA, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | (Resolving Docs. 20, 23, 25) |
| | ) | |

This matter is before the Court on the *Motion to Suppress, to Quash Arrest for Lack of Probable Cause, and Request for Hearing* (Doc. 20) (the "Motion") filed by Defendant Soumya Rudra ("Rudra").  The United States of America filed a response (Doc. 23), and Rudra filed an additional reply (Doc. 25).

For the reasons stated below, the Motion is DENIED.

## I.      BACKGROUND

The United States of America filed the Complaint and affidavit in support (Doc. 1) and the Magistrate Judge issued a warrant (Doc. 2) for the arrest of Rudra thereafter. A federal grand jury then charged Rudra with travel in interstate commerce for the purpose of illicit sexual conduct in violation of 18 U.S.C. § 2423(b) (Count One), transportation of visual depictions of real minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252 (a)(1) and (b) (Count Two) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Three). Doc. 8.

Rudra filed the Motion, wherein he requests a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and alleges the warrant was not based on probable cause. Doc. 20. The crux of

Rudra's arguments relate to his claim that the underage victim lied to him about her age [stating she was 16, and therefore at the age of consent]. Doc. 20. According to Rudra, that purported lie invalidates the statements provided to investigating officers, and the *Affidavit in Support [of] Criminal Complaint* (Doc. 1-1) is therefore based on unreliable information and the Magistrate Judge could not determine there was probable cause to issue the warrant. Docs. 20, 25.

## II.     LAW AND ANALYSIS

The Fourth Amendment generally requires law enforcement officers to obtain a warrant before making an arrest or searching locations where an individual has a reasonable expectation of privacy. *Giordenello v. United States*, 357 U.S. 480, 485 (1958); *see also Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018). "[A]n arrest warrant shall be issued only upon a written and sworn complaint (1) setting forth the essential facts constituting the offense charged, and (2) showing that there is probable cause to believe that such an offense has been committed and that the defendant committed it." *Giordenello* at 485 (internal quotation marks omitted). The standard for finding probable cause is the "totality of the circumstances," where the magistrate judge issuing the warrant is tasked with making a practical and common-sense decision as to whether all circumstances in the complaint and the affidavit provide for a fair probability that the charges are sufficiently supported, and [regarding search warrants] that evidence of a crime will be found in a particular place. *United States v. Fachini*, 466 F.2d 53, 56 (6th Cir. 1972); *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Probable cause deals with probabilities, or considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *Gates* at 241 (1983) (internal quotation marks omitted).

In a motion to suppress, the defendant bears the burden of establishing that the affidavit was insufficient to support the issuance of the warrant. *United States v. Blakeney*, 942 F.2d 1001,

1015 (6th Cir. 1991). The duty of the reviewing court is to determine whether the magistrate judge had a substantial basis for finding that the affidavit established probable cause – a finding that is afforded "great deference" – after considering the evidence "in the light most favorable to the government." *United States v. Allen*, No. 21-4029, 2023 U.S. App. LEXIS 243, at *9–10 (6th Cir. Jan. 4, 2023) (citations omitted).

### A. Probable Cause

Rudra alleges that the credibility of the affidavit and, therefore, the finding of probable cause, are undermined because the alleged victim admitted to lying to Rudra about her age. Docs. 20, 25. He argues that the circumstances do not support the finding of probable cause and that the victim should be treated as an unreliable informant. Docs. 20, 25. Rudra relies mainly on *United States v. Higgins*, 557 F.3d 381 (6th Cir. 2009) and *United States v. Brown*, 828 F.3d 375 (6th Cir. 2016) which both analyze the reliability of confidential informants and police corroboration as to their knowledge of criminal activities and evidence. However, Rudra fails to cite any law supporting his allegation that the credibility of the alleged victim can, or should, be questioned by this Court. As such, he does not meet his burden of establishing that the affidavit was insufficient. *See Blakeney*, 942 F.2d at 1015.

The Magistrate Judge's finding of probable cause is afforded great deference and the Court has not found reason to find error in their conclusion. *See Allen*, 2023 U.S. App. LEXIS, at *9–10. Additionally, this Court would arrive at the same conclusion as the Magistrate Judge given the totality of the circumstances. *See Gates*, 462 U.S. at 238. The affidavit first provides that the alleged victim's mother reported her juvenile daughter was picked up from their residence by an unidentified man and then, according to phone GPS, was located at the Quality Inn in Wooster. Doc. 1-1 at p. 2, ¶ 5. The daughter's friend corroborated this information ["the juvenile female was

3

at the Quality Inn with her adult male boyfriend"] when questioned by deputies. Doc. 1-1 at p. 2, ¶ 6. Deputies then found Rudra and the alleged victim in a room at the location the mother and friend reported. Doc. 1-1 at p. 3, ¶ 6. The alleged victim informed the officers that she was 14 but had told Rudra she was 15 because she was almost 15. Doc. 1-1 at p. 3, ¶ 7. The affiant also included Rudra's contradictory statement – that the alleged victim had said she was 16 years old and that he knew the age of consent in Ohio is 16. Doc. 1-1 at p. 3, ¶ 9. Deputies also recovered used and unused condoms, generic Viagra, and Rudra and the alleged victim both told officers they engaged in sexual activities. Doc. 1-1 at pp. 2–3, ¶¶ 7–9.

Although the statements conflict as to the extent of the alleged victim's lie about her age, there is no reason at this stage in the proceedings to find the alleged victim less believable than Rudra. The Court does not believe it is uncommon for a child to "round up" to the age they are about to turn when asked how old they are – the precise reason the alleged victim gave to officers. The Court also does not perceive any immediately apparent reason for the alleged victim to lie about her statements to Rudra. Further, when the two statements are viewed together, Rudra's comment that the alleged victim said she was 16 – and that he knows 16 is the age of consent in Ohio – does not paint him in any more credible light than the alleged victim, despite his efforts in the Motion and reply to discredit her. In light of all facts and circumstances alleged, this Court agrees with the Magistrate Judge that there was a fair probability, based on the affidavit and underlying information supporting it, that the alleged offense was committed by Rudra. *See Giordenello*, 357 U.S. at 485; *Fachini*, 466 F.2d at 56. Put simply, the Magistrate Judge had a substantial basis for finding probable cause. *See Allen*, 2023 U.S. App. LEXIS, at *9–10.

### B.  Request for *Franks* Hearing

Rudra requests a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). "The Fourth Amendment provides that where a defendant can make a substantial showing that an affiant in an affidavit for a search warrant lied, the defendant is entitled to a hearing to discard the fruits of the warrant." *United States v. Gonzalez*, 849 Fed. App'x. 557, 563 (6th Cir. 2021) *citing Franks v. Delaware*, 438 U.S. 154 (1978). A defendant does not qualify for a *Franks* hearing unless they show that 'a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and the allegedly false statement is necessary to the finding of probable cause.' *Id.* Warrant affidavits are presumptively valid, so the attack must be more than conclusory and must allege deliberate falsity or reckless disregard on the part of the affiant. *United States v. Stuart*, 507 F.3d 391, 396 (6th Cir. 2007) *citing Franks*, 438 U.S. at 171.

Here, the affiant, an officer of the Federal Bureau of Investigation, made statements as to (i) the facts leading to the arrest, (ii) the evidence obtained during the arrest, and – most relevant to this issue – (iii) both the alleged victim's and Rudra's information as to the alleged victim's age ("She stated she knew he was 41 years old, and she told him she was 15 years old because she will be turning 15 in March. The juvenile female stated she is currently 14 years of age…Rudra informed investigators that the juvenile female told him she was 16 years of age.") Doc. 1-1 at p. 3, ¶¶ 7–9.

Rudra seems to recognize that *Franks* relates to the affiant's statements, rather than those of the supporting witness. Doc. 20 at p. 6. However, he argues that courts apply the *Franks* analysis to the statements of the underlying witness, too. Doc. 20 at p. 6. In doing so, Rudra attempts to analogize his case to *United States v. Higgins*, 557 F.3d 381 (6th Cir. 2009), where the Sixth Circuit found a warrant was not supported by probable cause because the affidavit failed to assert that the

informant was reliable and the police did not corroborate any of the informant's statements. *Higgins* at 390. The Court finds Rudra's reliance on *Higgins* is misplaced. Rudra has done nothing more than provide a conclusory statement and recitation of his burden as set forth by *Franks*. He does not make a substantial showing that the affiant's statement was false, or that the inclusion of the victim's statement recklessly disregarded the truth [specifically when Rudra's contradictory statement was included too], therefore he is not entitled to a *Franks* hearing.

### III.     CONCLUSION

For the reasons stated above, the *Motion to Suppress, to Quash Arrest for Lack of Probable Cause, and Request for Hearing* (Doc. 20) is DENIED.


Date:   June 6, 2024                           /s/ John R. Adams
                                               JOHN R. ADAMS
                                               UNITED STATES DISTRICT JUDGE